GARY E. KLAUSNER (State Bar No. 69077)
EVE H. KARASIK (State Bar No. 155356)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: GEK@LNBYB.COM; EHK@LNBYB.COM; JSK@LNBYB.COM

Proposed Counsel 37 Ventures, LLC,
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>37 VENTURES, LLC,<br><br>      Debtor and Debtor in Possession. | Case No.: 9:21-bk-10261-DS<br><br>Chapter 11 Case<br><br>**EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; DECLARATION OF YURI PIKOVER IN SUPPORT THEREOF**<br><br>[No Hearing or Notice Required Pursuant To Local Bankruptcy Rule 1015-1] |

1

Pursuant to Local Bankruptcy Rule 1015-1(b), 37 Ventures, LLC ("37 Ventures") and Larada Sciences, Inc. ("Larada," and together with 37 Ventures, the "Debtors"), the debtors and debtors in possession in the above captioned Chapter 11 cases and affiliates of each other, move, on an *ex parte* basis, for the entry of an order for joint administration of their chapter 11 cases.

## I.    STATEMENT OF FACTS

**A.    Descriptions Of The Debtors, And Their Bankruptcy Cases.**

1. On March 18, 2021, 37 Ventures commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On March 19, 2021, Larada commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since their respective petition dates, the Debtors have managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

3. Larada is a Delaware corporation formed in 2006, initially based on utilizing technology licensed from the University of Utah with the goal of taking a newly developed treatment for head lice to market.

4. Since the inception of its business, Larada has become an established franchisor in the professional lice treatment business, and accordingly provides services to support its franchisees including but not limited to developing a national brand (Lice Clinics of America), hosting franchisee websites and related online lead generation, digital marketing, national marketing, local marketing, operations best business practices, training, and more—all necessary to operate a professional lice treatment business. Beginning in 2014, Larada conducted business under the trade name "Lice Clinics of America (LCA)." Its website is located at: liceclinicsofamerica.com.

5. As part of the franchisor services, Larada provides franchisees with AirAllé® devices, which are exclusive FDA-cleared medical devices that kill head lice and lice eggs in a single treatment, using heated air to quickly dessicate head lice. The LCA lice treatment process which incorporates the use of the AirAllé® is faster and more effective than the older, traditional

methods of removing head lice, which generally have required multiple uses of a specialized comb to physically remove lice from the head combined with continued use of topical products or shampoos, typically using pesticides, and often taking weeks to eradicate the lice infestations. The AirAllé® device forces air at just the right temperature under the hair and close to the scalp where the lice feed and lay their eggs. This causes the lice and lice eggs to quickly dehydrate and die and therefore with a one-hour appointment clients are lice-free without the use of pesticides. Through its franchisees (and one company owned location) Larada has provided over 700,000 such lice treatments.

6. Larada's franchisees serve a crucial role in its ability to reorganize successfully.

7. Larada does business under the name "Lice Clinics of America," as well as "Lice Clinics of Australia", "Lice Clinics of Canada" and so forth depending on the country. Between franchise locations and the single clinic owned by Larada, there are currently 230 clinics licensed to operate across 26 countries, down from a high of over 260 licensed clinics pre-COVID. Larada currently has 153 franchised clinics open and operating in the United States and approximately 16 locations currently open in 25 foreign countries. Approximately 61 of the 230 clinics worldwide are still temporarily closed due to COVID.

8. 37 Ventures is a boutique venture fund business that focuses on growing early-stage startups. Its primary assets are minority interests in approximately eleven (11) portfolio companies, including Larada. 37 Ventures is the largest single shareholder in Larada, holding approximately 43% of the issued and outstanding shares of Larada's stock. 37 Ventures has two primary debts – its potential guaranty liability on the Alignment Loan (defined below), and an arbitration award in favor of an entity called Knight & Bishop in the approximate amount of $3 million.

9. Larada's senior secured lender is AtMedia Investor II, LLC (the "<u>AtMedia</u>" or "<u>Secured Lender</u>"), acting through its agent Alignment Debt Holdings I, LLC ("<u>Alignment</u>"). Larada originally borrowed money from the Secured Lender in May 2018 in the original principal amount of $7.5 million (the "<u>Alignment Loan</u>").

10. 37 Ventures provided a guaranty of the Alignment Loan.

11. Alignment asserted that covenant defaults occurred under the Alignment Loan, and: (1) on June 5, 2020, exercised its remedies under a deposit account control agreement and seized all of Larada's funds located in its then-primary operating bank account located at Wells Fargo Bank; and (2) on July 3, 2020, provided Larada with a written Notice of Default, Acceleration, and Demand for Payment.

12. Larada's revenues were particularly hard hit by the COVID 19 pandemic. Since many of Larada's customers are children who contract lice or lice related conditions by coming into contact with other children, the closure of schools, camps, playgrounds and other indoor and outdoor venues where children gather has had a major impact on Larada's business. Although the Debtors attempted to negotiate in good faith, among other things, a waiver and forbearance agreement with Alignment, those negotiations reached an impasse.

13. In their respective Chapter 11 cases, Larada and 37 Ventures intend to propose a joint plan which will pay creditors of both entities in full over time. Larada expects to use its cash flows from operations to fund the joint plan. In addition, given a reasonable period of time for its portfolio companies to naturally experience liquidity events, 37 Ventures appears to have ample assets to pay Alignment in full, and also to pay the arbitration award owed to Knight & Bishop. It is the synergies between 37 Ventures and Larada that provides a feasible path to reorganization and payment in full to creditors over time.

## II. BASIS FOR RELIEF

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Rule 1015(b)") provides, in pertinent part, "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order joint administration of the estates. Prior to entering an order, the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. . . ." Fed. R. Bankr. P. 1015(b).

Joint administration of the Debtors' cases is warranted and appropriate under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure because the Debtors are "affiliates," as that term is defined in the Bankruptcy Code. Bankruptcy Code 101(2)(A) and (B) defines affiliate, in pertinent

4

part, as follows: "An entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." *See* 11 U.S.C. § 101(2)(A) and (B). Specifically, 37 Ventures owns more than 20% of the voting securities of Larada (*i.e.*, holding approximately 43% of the issued and outstanding shares of Larada's stock) with the power to vote those securities. The Debtors are affiliates as that term is defined under the Bankruptcy Code.

The proposed joint administration of the Debtors' estates will not have a detrimental impact on creditors of different estates with respect to potential conflicts of interest. First, this Motion seeks joint administration for procedural efficiency purposes, and not substantive consolidation of the estates. Second, the Secured Lender, whose actions precipitated both filings, holds, and/or asserts claims against each of the Debtors related to the Alignment Loan. Finally, the Debtors intend to propose a joint plan which will pay creditors of both entities in full over time.

The Debtors further believe that the joint administration of their cases will avoid duplicative expenses and will ensure that creditors and interested parties in the cases will receive appropriate notice of all pertinent matters. In addition, the Debtors believe that the joint administration of their cases, including the use of a single pleadings docket, the combining of notices to interested parties of both estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

Granting joint administration will eliminate the further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to both of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will allow the Debtors' estates to avoid

the substantial copy costs and service costs associated with filing and serving duplicative motions and other pleadings in the cases that seek collective relief for the Debtors.

In the event that the Court orders the joint administration of the Debtors' cases, the Debtors respectfully request that the following caption be approved, and that 37 Ventures' case be designated as the lead case:

| | |
|---|---|
| In re:<br><br>37 VENTURES, LLC,<br><br>      Debtor and Debtor in Possession. | Lead Case No.: 9:21-bk-10261-DS<br><br>Jointly administered with:<br>9:21-bk-10269-DS<br>(Larada Sciences, Inc.) |
| In re:<br><br>LARADA SCIENCES, INC.,<br><br>      Debtor and Debtor in Possession.<br><br>☐ Affects both Debtors<br><br>☐ Affects 37 Ventures, LLC only<br><br>☐ Affects Larada Sciences, Inc. only | Chapter 11 Cases<br><br>Date:<br>Time:<br>Place:  Courtroom 201<br>         1415 State Street<br>         Santa Barbara, CA 93101 |

### III.   CONCLUSION

Accordingly, the Debtors respectfully request that this Court enter an order, in the form lodged concurrently herewith:

(a)   authorizing the joint administration of the Debtors' cases;

(b)   approving the form of caption suggested herein; and

///

///

///

(c) granting such other and further relief as the Court deems just and proper.

Dated: March 19, 2021

37 VENTURES, LLC

By: */s/ Jeffrey S. Kwong*
GARY E. KLAUSNER
EVE H. KARASIK
JEFFREY S. KWONG
LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.
Proposed Counsel for Chapter 11 Debtor and
Debtor-in-Possession, 37 Ventures, LLC

## DECLARATION OF YURI PIKOVER

I, Yuri Pikover, hereby declare as follows:

1. I am the manager and sole member 37 Ventures, LLC ("37 Ventures"). 37 Ventures is the single largest shareholder of Larada Sciences, Inc. ("Larada"). I am familiar with the business operations and financial books and records of 37 Ventures, and the circumstances surrounding the Alignment Loan. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of that certain *Ex Parte Motion For Entry Of An Order For Joint Administration Of Cases* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

3. On March 18, 2021, 37 Ventures commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4. On March 19, 2021, Larada commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since their respective petition dates, the Debtors have managed their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

5. Larada is a Delaware corporation formed in 2006, initially based on utilizing technology licensed from the University of Utah with the goal of taking a newly developed treatment for head lice to market.

6. Since the inception of its business, Larada has become an established franchisor in the professional lice treatment business, and accordingly provides services to support its franchisees including but not limited to developing a national brand (Lice Clinics of America), hosting franchisee websites and related online lead generation, digital marketing, national marketing, local marketing, operations best business practices, training, and more—all necessary to operate a

professional lice treatment business. Beginning in 2014, Larada conducted business under the trade name "Lice Clinics of America (LCA)." Its website is located at: liceclinicsofamerica.com.

7. 37 Ventures is a boutique venture fund business that focuses on growing early-stage startups. Its primary assets are minority interests in approximately eleven (11) portfolio companies, including Larada. 37 Ventures is the largest single shareholder in Larada, holding approximately 43% of the issued and outstanding shares of Larada's stock. 37 Ventures has two primary debts – its potential guaranty liability on the Alignment Loan (defined below), and an arbitration award in favor of an entity called Knight & Bishop in the approximate amount of $3 million.

8. Larada's senior secured lender is AtMedia Investor II, LLC (the "AtMedia" or "Secured Lender"), acting through its agent Alignment Debt Holdings I, LLC ("Alignment"). Larada originally borrowed money from the Secured Lender in May 2018 in the original principal amount of $7.5 million (the "Alignment Loan").

9. 37 Ventures provided a guaranty of the Alignment Loan.

10. Alignment asserted that covenant defaults occurred under the Alignment Loan, and: (1) on June 5, 2020, exercised its remedies under a deposit account control agreement and seized all of Larada's funds located in its then-primary operating bank account located at Wells Fargo Bank; and (2) on July 3, 2020, provided Larada with a written Notice of Default, Acceleration, and Demand for Payment.

11. Larada's revenues were particularly hard hit by the COVID 19 pandemic. Since many of Larada's customers are children who contract lice or lice related conditions by coming into contact with other children, the closure of schools, camps, playgrounds and other indoor and outdoor venues where children gather has had a major impact on Larada's business.

12. Although the Debtors attempted to negotiate in good faith, among other things, a waiver and forbearance agreement with Alignment, those negotiations reached an impasse.

13. In their respective Chapter 11 cases, Larada and 37 Ventures intend to propose a joint plan which will pay creditors of both entities in full over time. Larada expects to use its cash flows from operations to fund the joint plan. In addition, given a reasonable period of time for its

portfolio companies to naturally experience liquidity events, 37 Ventures appears to have ample assets to pay Alignment in full, and also to pay the arbitration award owed to Knight & Bishop.

14. I believe that the joint administration of the Debtors' Chapter 11 bankruptcy cases is appropriate.

15. The proposed joint administration of the Debtors' estates will not have a detrimental impact on creditors of different estates with respect to potential conflicts of interest. First, this Motion seeks joint administration for procedural efficiency purposes, and not substantive consolidation of the estates. Second, the Secured Lender, whose actions precipitated the filing, holds, and/or asserts claims against each of the Debtors related to the Alignment Loan. Finally, the Debtors intend to propose a joint plan which will pay creditors of both entities in full over time.

16. I further believe that the joint administration of the Debtors' cases will avoid duplicative expenses and will ensure that creditors and interested parties in the cases will receive appropriate notice of all pertinent matters. In addition, I believe that the joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to interested parties of both estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of March, 2021, at Laguna Niguel, California.

_____
Yuri Pikover, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **EX PARTE MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; DECLARATION OF YURI PIKOVER IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- Eve H Karasik    ehk@lnbyb.com
- Gary E Klausner    gek@lnbyb.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **March 19, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 19, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 19, 2021** | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            **F 9013-3.1.PROOF.SERVICE**