STEPHEN H. WARREN (S.B. #136895)
MARC F. FEINSTEIN (S.B. #158901)
JACOB T. BEISWENGER (S.B. #321012)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

Attorneys for Knight and Bishop, L.P.,
Creditor and Interested Party

**UNITED STATES BANKRUPTCY COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>37 Ventures, LLC,<br>            Debtor. _<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>In re:<br><br>Larada Sciences, Inc.*,*<br>            Debtor. | Chapter 11<br><br>Lead Case No. 9:21-bk-10261-DS<br><br>*This filing affects 37 Ventures, LLC*<br><br><br>Jointly Administered With:<br><br>Case No. 9:21-bk-10269-DS<br><br>**STATEMENT OF CREDITOR KNIGHT AND BISHOP, L.P. REGARDING RETENTION OF LEVENE, NEALE, BENDER, YOO AND BRILL, LLP AS COUNSEL FOR DEBTOR 37 VENTURES, LLC** |

Knight and Bishop, L.P. ("KB") by and through its undersigned counsel, hereby files this statement (the "Statement") in response to the Application of Debtor and Debtor in Possession to Employ Levene, Neale, Bender, Yoo & Brill LLP as counsel for debtor 37 Ventures, LLC (the "Application"), filed March 25, 2021. *See* Case ECF No. 18. In further support of this Statement, KB respectfully states as follows:

1. KB holds a final and non-appealable judgment (the "Judgment") against 37 Ventures, LLC ("37 Ventures" or the "Debtor"), an entity owned and controlled by Mr. Yuri Pikover. The Judgment is listed in the Debtor's Chapter 11 petition in the amount of $3,765,659.28.[1] *See* Case ECF No. 1, p. 6.

2. The final and un-appealable Judgment against 37 Ventures is the culmination of litigation that stretches back to February 2016. KB sued 37 Ventures in California Superior Court in 2016 for, among things, breach of a shareholder agreement by wrongfully removing KB's designee (Mark Kolokotrones) from the Board of Directors of a company (Ninja Metrics) in which both KB and 37 Ventures were investors. 37 Ventures engaged in a strategy of stonewalling in order to delay the litigation and drive up KB's fees and expenses, and the court repeatedly sanctioned 37 Ventures for discovery abuses.[2] Litigation among the parties also spilled into the Delaware Chancery Court, which also rejected efforts by 37 Ventures and entities it controlled to impede KB's efforts to vindicate its rights and collect on its Judgment against, *inter alia*, 37 Ventures.

---

[1] The description and asserted amount of the Judgment, and all matters pertaining thereto, are summary in nature and are qualified in all respects by the terms of the Judgment itself, which controls over any other and/or contrary description or asserted amount.

[2] In the underlying action, KB had to file numerous discovery motions due to the willful discovery abuses committed by defendants—including their failing to respond to interrogatories and document requests, producing documents in an improper format that hampered the review of the documents, providing evasive discovery responses and deposition testimony, failing to comply with the court's multiple discovery orders, and instructing their e-discovery vendors not to produce documents based on their claim of privilege notwithstanding the fact that the court had already ruled that such material was not privileged. The court and the discovery referee in the underlying action ruled in KB's favor on all eight discovery motions and awarded monetary sanctions to KB on three occasions. For example, in or about January 2017, KB learned through deposition that Yuri Pikover, the manager and sole member of 37 Ventures, had been destroying relevant documents, and KB subsequently moved to seek a forensic examination of his personal computers in order to obtain evidence to file a sanctions motion for spoliation. Noting that Mr. Pikover refused to meet and confer on the motion, the discovery referee granted the motion, awarding sanctions against Mr. Pikover in the amount of $10,000. *See Notice of Recommended Ruling Re: Plaintiffs' Motion to Compel Further Responses to Requests for Inspection*, dated February 1, 2017 (Exhibit A hereto).

   3.  After successfully addressing all of these efforts, KB obtained summary judgment on its principal claim against 37 Ventures in the California Superior Court on October 6, 2017.[3] The parties then agreed to submit to arbitration KB's claims for monetary relief. KB thereafter prevailed in the arbitration, establishing the amount owed to it by 37 Ventures on March 31, 2020. The Superior Court entered a final order confirming the arbitral award on August 19, 2020 and entered its judgment on August 25, 2020. KB has since been pursuing its collection efforts against 37 Ventures and filed a judgment lien with the California Secretary of State's Office on January 25, 2021.[4]

   4.  According to the chapter 11 petition, KB holds the only uncontested and direct claim against 37 Ventures. *See* Case ECF No. 1, p. 6. The sole other claim listed on the 37 Ventures petition is a guaranty claim asserted by a secured lender to a lice removal business (Larada Sciences), which filed a companion chapter 11 case.[5] *See id*. However, 37 Ventures holds only a minority interest of 43% in Larada, which is reportedly just one of eleven equity investments owned by 37 Ventures.[6] The guaranty for the benefit of this minority investment in Larada was issued in May of 2018—while the litigation against 37 Ventures was pending and six months after summary judgment had been granted to KB. In the Larada bankruptcy, an executive of this minority investment testified that under any valuation scenario (including a liquidation), more than sufficient value would be realized to pay the KB Judgment.[7] That may or may not be the case, according to Larada's CEO, if the Larada debt is added to that of 37 Ventures.[8]

---

[3] The Court declared that "1. Kolokotrones' removal from the Board was without cause and procedurally defective, rendering it invalid; and 2. KB is entitled to designate Kolokotrones to serve on the NM [Ninja Metrics] Board, and the non-debtor defendants are required to vote to elect him to the Board as KB's designee as per the Voting Agreement." *See Order re Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication, and Plaintiffs' Motion for Summary Judgment or, in the Alternative, Summary Adjudication*, dated October 6, 2017, Exhibit B hereto, at p. 14.

[4] As part of its collection efforts, KB approached a member of the Levene firm to discuss its possible retention as co-counsel. The discussions concerning such prospective representation took place during the last quarter of 2020. KB has brought those discussions to the attention of the proposed bankruptcy counsel for 37 Ventures for their information. KB does not assert that such communications disqualify the Levene firm.

[5] *In re Larada Sciences, Inc*., Case No. 9:21-bk-10269-DS (jointly administered with the Debtor's chapter 11 case).

[6] *See Declaration of Claire Roberts* filed March 19, 2021 (the "Roberts Decl.") at ¶ 22-23, Case No. 9:21-bk-10269-DS, ECF No. 6.

[7] *See id* at ¶ 23.

[8] *Id*.

Although KB has no financial information concerning Larada, the non-default interest rate paid on its secured debt appears to have been set at 17% (21% at the default rate), suggesting that it was highly speculative and/or troubled from the inception of the guaranty.[9] That conclusion is supported by the fact that only *months* after the guaranty was put in place, Larada's secured creditor asserted that Larada was already in default, with a blizzard of additional defaults to follow virtually each month thereafter to the present.[10]

5.   KB is still assessing the circumstances concerning the 37 Ventures chapter 11 filing and the Larada guaranty, but is concerned that the bankruptcy is another tactic to frustrate and delay KB's efforts to collect its Judgment and execute on the assets available to satisfy the claim—all for the benefit of Mr. Pikover and perhaps the other investors in Larada. Compounding its concern is the fact that Mr. Pikover *personally* made representations, warranties and covenants for the benefit of Larada's secured creditor in the underlying guaranty.[11] This further undercuts any interest 37 Ventures may have otherwise had in critically assessing the Larada guaranty or treatment of 37 Ventures as a separate entity with a separate creditor.

6.   While KB does not object to the retention of counsel *per se*, it requests that the Court defer any decision on the Application. This bankruptcy could result in significant fees and delays—all to the detriment of 37 Venture's only direct creditor, KB. At present, no schedules or other details have been filed in the 37 Ventures case that would allow KB to assess the value of the ten other equity positions owned by 37 Ventures. Likewise, the 341(a) meeting has yet to occur. Depending on the results of these disclosures, the best course may be to obtain appointment of a trustee to protect the interests of 37 Ventures. If that were to occur, Mr. Pikover could retain counsel for himself as a shareholder, rather than dilute KB's recovery for his own benefit and the benefit of Larada.

7.   What makes absolutely no sense is for all the assets of 37 Ventures to be reallocated for the benefit of Larada and its stakeholders, as seems to be the current plan judging

---

[9] *See id* at ¶ 9.
[10] *See* Affidavit of Vadim Margulis, dated February 8, 2021 at ¶10-40, Exhibit C hereto.
[11] *See* Guaranty, dated May 23, 2018, Article V, Exhibit D hereto.

from the first day declaration filed in the Larada case.[12] Indeed, the pleadings filed in the Larada case make clear that the entire bankruptcy seems designed to siphon off value to prop up the lice removal business, all for the benefit of parties other than 37 Ventures's judgment creditor, KB. The espoused plan to consume 37 Venture's value for the benefit of Larada is all the more puzzling given that Larada is just one of eleven investments in which 37 Ventures holds a minority ownership position.

8. For the forgoing reasons, KB requests that the Court defer any decision on the Employment Application at this time until the schedules are filed and enough time passes for an assessment of the logical options. Alternatively, KB proposes that strict limits should be placed on the retention of counsel to make sure that they do not generate obligations against the 37 Ventures estate that principally benefit Larada.

Dated: April 8, 2021

/s/ Jacob T. Beiswenger
**O'MELVENY & MYERS LLP**
Stephen H. Warren
Marc F. Feinstein
Jacob T. Beiswenger
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: swarren@omm.com
  mfeinstein@omm.com
  jbeiswenger@omm.com
*Attorneys for Knight and Bishop, L.P.*

---

[12] *See* Roberts Decl. at ¶ 29 ("However, it is not the financial strength of [Larada] alone that will make a reorganization possible in this case. [Larada] intends to propose a joint plan with 37 Ventures which will over time pay creditors of both entities in full.").

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 400 South Hope Street, 18th Floor, Los Angeles, California 90071-2899.

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT OF CREDITOR KNIGHT AND BISHOP, L.P. REGARDING RETENTION OF LEVENE, NEALE, BENDER, YOO AND BRILL, LLP AS COUNSEL FOR DEBTOR 37 VENTURES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 8, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached page

XX  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 8, 2021, I caused to be served on the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Craig Tighe
DLA Piper LLP (US)
2000 University Ave.
East Palo Alto, CA 94303-2214

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2021 | Yuan (Grace) Zhong | /s/ Yuan (Grace) Zhong |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Brian D Fittipaldi -** brian.fittipaldi@usdoj.gov
- **Eric D Goldberg** -eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Eve H Karasik -** ehk@lnbyb.com
- **Gary E Klausner -** gek@lnbyb.com
- **Michael S Kogan -** mkogan@koganlawfirm.com
- **Jeffrey S Kwong -** jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **Isabelle L Ord -** isabelle.ord@dlapiper.com, 5902@ecf.pacerpro.com;san-francisco-bankrupcty-7677@ecf.pacerpro.com;isabelle-ord-7771@ecf.pacerpro.com;5902@ecf.pacerpro.com
- **Brett Ramsaur -** brett@ramsaurlaw.com, stacey@ramsaurlaw.com
- **Kenneth N Russak -** krussak@knrlaw.com, krussak@russaklaw.com
- **David B Shemano -** dshemano@shemanolaw.com
- **Derrick Talerico -**dtalerico@ztlegal.com, maraki@ztlegal.com,sfritz@ztlegal.com
- **United States Trustee (ND)** ustpregion16.nd.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE