# EXHIBIT A

JAMS COURT REFERENCE
Case No. 1220054682

**FILED**
Superior Court of California
County of Los Angeles

FEB 01 2017

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Sally Fletcher

Mark Kolokotrones and Knight and Bishop, L.P.,
Plaintiffs and Cross-Defendants,

v.

Ninja Metrics, Inc., Dmitri Williams, Yuri Pikover,
Robert Hawk, Robin Kaminsky and 37 Technology
Ventures, LLC,
Defendants,

and

Ninja Metrics, Inc.,
Cross-Complainant.

---

### NOTICE OF RECOMMENDED RULING RE: PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR INSPECTION

Plaintiffs Mark Kolokotrones and Knight and Bishop, L.P. seek a forensic examination of Defendants Yuri Pikover and Robert Hawk's personal computers in order to obtain evidence to file a sanctions motion against Pikover and Hawk for spoliation.   Plaintiffs allege that Defendants destroyed relevant documents, namely emails with one another concerning a secret agreement they made to vote as a block on the Ninja Metrics, Inc. Board of Directors, and did so while they were aware of threats of this litigation.   Plaintiffs bring the Motion pursuant to Code of Civil Procedure §2031.010(a) and seek $14,000 sanctions pursuant to CCP §§2023.030 and 2031.310(a).

Defendants oppose the Motion on three grounds:   1) it is moot because they already produced all the documents Plaintiffs seek, 2) it is contrary to the principles set forth in the Sedona Conference Commentary of Proportionality in Electronic Discovery ("Sedona Commentary") and 3) it is unreasonably intrusive.   Defendants also seek sanctions against Plaintiffs in the amount of $4797.50.

CCP §2031.010(a) allows discovery by, among other means, the inspection of electronically stored information.   The destruction of evidence in anticipation of a discovery request is a misuse of the discovery process subject to sanctions pursuant to CCP §2023.030.   *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 C4th 1, 12.

Defendants' mootness argument relies on documents they produced in response to Requests for Production Plaintiffs served in April 2016.   According to Defendants, these are the

documents which Plaintiffs contend Defendants destroyed.    Perhaps so.    But that is not the point of this Motion.    Rather, this Motion seeks evidence, such as metadata, which could form the basis of a spoliation sanctions motion.    Metadata may reveal the delete and save parameters in Defendants' email systems, the number of deleted emails, the means of deletion and whether the deletions were intentional.    Moreover, Defendants have admitted that they routinely deleted emails, even after becoming aware of threatened litigation regarding their dispute with Plaintiffs. Plaintiffs are entitled to conduct an independent forensic inspection into whether there are more relevant documents which Defendants destroyed, and need not rely on the work performed by vendors Defendants retained.

Defendants offer no authority why the Sedona Commentary should apply or even be considered here or in any CCP-related dispute.    To the extent that the requested forensic examination imposes burdens or expenses on Defendants, it was their admitted conduct that precipitated the need for such an inspection.    Besides, Plaintiffs will bear the cost of the examination.

It is always concerning when a discovery request might intrude on a party's legitimate personal information unrelated to pending litigation.    Unfortunately, according to Plaintiffs, Defendants refused to meet and confer to attempt to adopt a forensic examination protocol that minimizes or avoids unreasonable intrusion.    Privacy protection does not automatically preclude forensic examinations of computers.    *R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 CA4th 486, 498.    Instead, it is a factor to be weighed in fashioning an appropriate examination protocol. Plaintiffs are ordered to submit to the undersigned Referee a proposed forensic examination protocol, which, among other things, limits the examination to electronic documents containing search terms relevant to this litigation and precludes production of documents unrelated to the litigation.

The Motion is granted, including an award of sanctions against Defendants in the amount of $10,000.    The Referee will allow the forensic examination to go forward immediately once Plaintiffs submit an examination protocol, which the Referee will approve or modify.    For the sake of expedition, Plaintiffs should file a proposed protocol before the hearing of this Motion.

IT IS SO RECOMMENDED.

Dated:    January 17, 2017

_____
Judge Terry Friedman (Ret.)
Referee

IT IS SO ORDERED.

Dated: _2/1/17_____

_____
Hon. Teresa A. Beaudet
Judge of the Superior Court