# EXHIBIT D

# GUARANTY

among

## 37 VENTURES, LLC, AS GUARANTOR

## YURI PIKOVER, AS SOLE MEMBER

and

## ALIGNMENT DEBT HOLDINGS 1, AS COLLATERAL AGENT

dated as of

May 23, 2018

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# TABLE OF CONTENTS

**ARTICLE I** DEFINITIONS ..................................................................................2

**ARTICLE II** AGREEMENT TO GUARANTEE OBLIGATIONS ...................................3

Section 2.01 Guaranty. .........................................................................................3

Section 2.03 Reinstatement. ..................................................................................4

**ARTICLE III** GUARANTY ABSOLUTE AND UNCONDITIONAL; WAIVERS ........5

Section 3.01 Guaranty Absolute and Unconditional; No Waiver of Obligations. ...........5

Section 3.02 Waivers and Acknowledgements....................................................................6

**ARTICLE IV** GUARANTOR RIGHTS OF SUBROGATION, ETC. .............................7

Section 4.01 Agreement to Pay; Subrogation, Subordination, Etc. ................................7

Section 4.02 Subordination. ..................................................................................8

**ARTICLE V** REPRESENTATIONS AND WARRANTIES; COVENANTS .................9

Section 5.01 Representations and Warranties....................................................................9

Section 5.02 Covenants. .........................................................................................11

**ARTICLE VI** MISCELLANEOUS................................................................................12

Section 6.01 Right of Set-off. ...............................................................................12

Section 6.02 Amendments.....................................................................................13

Section 6.04 [Indemnification. ..............................................................................13

Section 6.04 Notices. ............................................................................................14

Section 6.05 Continuing Guaranty; Assignments Under the Loan Agreement. ............15

Section 6.06 Severability of Provisions....................................................................16

Section 6.07 Counterparts; Integration; Effectiveness; Electronic Execution; Captions. .............16

Section 6.08 Governing Law; Jurisdiction; Etc. ....................................................16

Section 6.09 Waiver of Jury Trial............................................................................17

01161126-7

i

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6                                                                                  RECEIVED NYSCEF: 02/08/2021

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
Exhibit D    Page 4 of 26

EXECUTION VERSION

# GUARANTY

This GUARANTY (this "**Agreement**"), dated as of May 23, 2018, is made by and among 37 VENTURES, LLC, a Delaware limited liability company ("**Guarantor**") whose address is 616 W. Stafford Rd, Thousand Oaks, California 91361, YURI PIKOVER, an individual and sole member of Guarantor (the "**Sole Member**"), whose address is 616 W. Stafford Rd, Thousand Oaks, California 91361 and ALIGNMENT DEBT HOLDINGS 1, LLC, a Delaware limited liability company, as collateral agent for the Secured Parties (as defined below) (in such capacity and together with any successors in such capacity, the "**Collateral Agent**").

## RECITALS

**WHEREAS**, LARADA SCIENCES, INC., a Delaware corporation (the "**Borrower**"), has entered into a Loan Agreement of even date herewith among the Borrower, the Collateral Agent as Agent and the Lenders named therein (as amended, amended and restated, supplemented or otherwise modified from time to time in accordance with its provisions, the "**Loan Agreement**"; capitalized terms used herein without definition shall have the meanings ascribed thereto in the Loan Agreement).

**WHEREAS**, Guarantor is Controlled by the Sole Member, who, together with the Guarantor is the Principal Stockholder of the Borrower;

**WHEREAS**, each of the Guarantor and the Sole Member acknowledges that it and he will derive substantial direct and indirect benefits from the transactions contemplated by the Loan Agreement; and

**WHEREAS**, it is a condition precedent to the making of Loans by the Lenders from time to time that the Guarantor and Sole Member shall have executed and delivered this Agreement, and the Sole Member shall have executed and delivered a Pledge Agreement of even date herewith with respect to his Membership Interest (as hereinafter defined) to the Collateral Agent.

**NOW, THEREFORE**, in consideration of the premises and in order to induce the Lenders to make Loans from time to time, the parties hereby agrees as follows:

01161126-7

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# ARTICLE I
### DEFINITIONS

For purposes of this Agreement, the following terms shall have the following meanings:

"**Additional Investments**" has the meaning specified in **Section 5.02(c)**.

"**Bankruptcy Code**" means Title 11 of the United States Code, as amended, or any similar federal or state law for the relief of debtors.

"**Collateral Agent**" has the meaning set forth in the Preamble hereof.

"**Commodity Exchange Act**" means the Commodity Exchange Act (7 U.S.C. § 1 et seq.), as amended from time to time, and any successor statute.

"**Communications**" means, any notice, demand, communication, document or other material that any Loan Party delivers to the Collateral Agent in connection with any Loan Document or the transactions contemplated thereby which is distributed to the Collateral Agent or any Secured Party by means of electronic communications pursuant to **Error! Reference source not found.**.

"**Debtor Relief Laws**" means the Bankruptcy Code and all other liquidation, bankruptcy, assignment for the benefit of creditors, conservatorship, moratorium, receivership, insolvency, rearrangement, reorganization or similar debtor relief laws of the US or other applicable jurisdictions in effect from time to time.

"**Extension of Credit**" means the making of the Initial Loan and the Delayed Draw Loan in accordance with the Loan Agreement.

"**Guarantor**" has the meaning set forth in the Preamble hereof.

"**Indemnitee**" has the meaning specified in **Section 6.03**.

"**Investment**" means, as to any Person, any direct or indirect acquisition or investment by such Person, whether by means of (a) the purchase or other acquisition of capital stock or other securities of another Person, (b) a loan, advance or capital contribution to, Guarantee or assumption of debt of, or purchase or other acquisition of any other debt or equity participation or interest in, another Person, including any partnership or joint venture interest in such other Person and any arrangement pursuant to which the investor Guarantees Indebtedness of such other Person, or (c) the purchase or other acquisition (in one transaction or a series of transactions) of assets of another Person that constitute a business unit.  Notwithstanding the foregoing, "Investment" shall in all events exclude any Investment in Borrower other than the Guarantee made pursuant to this Agreement.

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
Exhibit D    Page 6 of 26

RECEIVED NYSCEF: 02/08/2021

"**LTV Ratio**" means the loan-to-value ratio of the Guarantor's NAV to the Obligations of Borrower under the Loan Agreement.

"**Membership Interest**" means the entirety of the Sole Member's ownership interest in the Guarantor.

"**NAV**" means the value of the Investments held by the Guarantor, plus any cash or cash equivalents so held minus any liabilities of Guarantor, the current valuation of which is as set forth on Exhibit A attached hereto, as such assets and valuation may be updated from time to time in accordance with Section 5.02(a)(ii) hereof.  For the avoidance of doubt, NAV in all events shall exclude the value of any Investment in Borrower.

"**Obligations**" has the meaning specified in **Section 2.01**.

"**Post-Petition Interest**" has the meaning specified in **Section 2.01(a)**.

"**Secured Parties**" means the Lenders.

"**Sole Member**" has the meaning set forth in the Preamble hereof.

"**Subordinated Obligations**" has the meaning specified in **Section 4.02**.

"**Taxes**" means any and all present or future income, stamp or other taxes, levies, imposts, duties, deductions, charges, fees or withholdings (including backup withholding) imposed, levied, withheld or assessed by any Governmental Authority, together with any interest, additions to tax or penalties imposed thereon and with respect thereto.

"**Termination Date**" has the meaning specified in **Section 6.05(a)**.

## ARTICLE II
### AGREEMENT TO GUARANTEE OBLIGATIONS

**Section 2.01   Guaranty.** The Guarantor, hereby absolutely, unconditionally and irrevocably guarantees to the Collateral Agent, for the ratable benefit of the Secured Parties, as primary obligor and not merely as surety,

(a)    the due and prompt payment by the Borrower of:

(i)    the principal of and premium, if any, and interest at the rate specified in the Loan Agreement (including interest accruing during the pendency of any bankruptcy, insolvency, receivership or other similar proceeding, regardless of whether

01161126-7

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

allowed or allowable in such proceeding ("**Post-Petition Interest**") on the Extensions of Credit, when and as due, whether at scheduled maturity, date set for prepayment, by acceleration or otherwise, and

(ii)     all other monetary obligations of the Borrower to the Collateral Agent and the Secured Parties under or in respect of the Loan Documents, when and as due, including fees, costs, expenses (including, without limitation, reasonable fees and expenses of counsel incurred by the Collateral Agent or any other Secured Party in enforcing any rights under this Agreement or any other Loan Document), reimbursement obligations, contract causes of action and indemnities, whether primary, secondary, direct or indirect, absolute or contingent, fixed or otherwise (including monetary obligations incurred during the pendency of any bankruptcy, insolvency, receivership or other similar proceeding, regardless of whether allowed or allowable in such proceeding); and

(b)     the due and prompt performance of all other covenants, duties, debts, obligations and liabilities of any kind of the Borrower and the other Loan Parties, individually or collectively, under or in respect of the Loan Agreement, this Agreement, the other Loan Documents or any other document made, delivered or given in connection with any of the foregoing, in each case whether evidenced by a note or other writing, whether allowed in any bankruptcy, insolvency, receivership or other similar proceeding, whether arising from an extension of credit, issuance of a letter of credit, acceptance, loan, guaranty, indemnification or otherwise, and whether primary, secondary, direct or indirect, absolute or contingent, due or to become due, fixed or otherwise; and

all such obligations in subsections (a) and (b), whether now or hereafter existing, being referred to collectively as the "**Obligations**". The Guarantor further agrees that all or part of the Obligations may be increased, extended, substituted, amended, renewed or otherwise modified without notice to or consent from the Guarantor and such actions shall not affect the liability of the Guarantor hereunder. Without limiting the generality of the foregoing, the Guarantor's liability shall extend to all amounts that constitute part of the Obligations and would be owed by any other Loan Party to any Secured Party under or in respect of the Loan Documents but for the fact that they are unenforceable or not allowable due to the existence of a bankruptcy, reorganization or similar proceeding involving such other Loan Party.

**Section 2.02   Reinstatement.** The Guarantor agrees that its guaranty hereunder shall continue to be effective or be reinstated, as the case may be, if at any time all or part of any payment of any Obligation is rescinded or must otherwise be returned by any Secured Party or any other Person, including the Collateral Agent upon the insolvency, bankruptcy or reorganization (or similar event) of the Borrower or any other Loan Party or otherwise, all as though such payment had not been made.

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# ARTICLE III
## GUARANTY ABSOLUTE AND UNCONDITIONAL; WAIVERS

**Section 3.01 Guaranty Absolute and Unconditional; No Waiver of Obligations.** The Guarantor guarantees that the Obligations will be paid strictly in accordance with the terms of the Loan Documents, regardless of any law, regulation or order of any Governmental Authority now or hereafter in effect. The Obligations of the Guarantor hereunder are independent of the Obligations of the Borrower or any other Loan Party under any Loan Document. A separate action may be brought against the Guarantor to enforce this Agreement, whether or not any action is brought against the Borrower or any other Loan Party or whether or not the Borrower or any other Loan Party is joined in any such action. The liability of the Guarantor hereunder is irrevocable, continuing, absolute and unconditional and the Obligations of the Guarantor hereunder, to the fullest extent permitted by applicable law, shall not be discharged or impaired or otherwise affected by, and the Guarantor hereby irrevocably waives any defenses to enforcement it may have (now or in the future) by reason of:

(a)    any illegality or lack of validity or enforceability of any Obligation or any Loan Document or any related agreement or instrument;

(b)    any change in the time, place or manner of payment of, or in any other term of, the Obligations or any other obligation of any Loan Party under any Loan Document, or any rescission, waiver, amendment or other modification of any Loan Document or any other agreement, including any increase in the Obligations resulting from any extension of additional credit or otherwise;

(c)    any reduction, limitation, impairment or termination of the Obligations for any reason, or any taking, exchange, substitution, release, impairment or non-perfection of any Collateral or any other collateral, or any taking, release, impairment, amendment, waiver or other modification of any guaranty, for the Obligations;

(d)    any manner of sale, disposition or application of proceeds of any Collateral or any other collateral or other assets to all or part of the Obligations;

(e)    any default, failure or delay, willful or otherwise, in the performance of the Obligations;

(f)    the incapacity, lack of authority, death or disability of any Loan Party or any other Person, or any change, restructuring or termination of the corporate structure, ownership or existence of any Loan Party or any of its Subsidiaries or any insolvency, bankruptcy, reorganization or other similar proceeding affecting the Borrower or its assets or any resulting release or discharge of any Obligation;

(g)    any failure of any Secured Party or the Collateral Agent to disclose to any Loan Party any information relating to the business, condition (financial or otherwise), operations, performance, properties or prospects of any other Loan Party now or hereafter

01161126-7

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

known to such Secured Party; the Guarantor waiving any duty of the Secured Parties or the Collateral Agent to disclose such information;

(h)     the failure of any other Person to execute or deliver this Agreement or any other guaranty or agreement or the reduction of liability of the Guarantor or the release or reduction of liability of any other guarantor or surety with respect to the Obligations;

(i)     the failure of any Secured Party or the Collateral Agent to assert any claim or demand or to exercise or enforce any right or remedy under the provisions of any Loan Document or otherwise;

(j)     any defense, set-off or counterclaim (other than a defense of payment or performance) that may at any time be available to, or be asserted by, the Borrower against Secured Party; or

(k)     any other circumstance (including, without limitation, any statute of limitations) or manner of administering the Loans or any existence of or reliance on any representation by any Secured Party that might vary the risk of the Guarantor or otherwise operate as a defense available to, or a legal or equitable discharge of, any Loan Party or any other guarantor or surety.

**Section 3.02   Waivers and Acknowledgements.**

(a)     The Guarantor hereby unconditionally and irrevocably waives any right to revoke this Agreement and acknowledges that this Agreement is continuing in nature and applies to all presently existing and future Obligations.

(b)     The Guarantor hereby unconditionally and irrevocably waives promptness, diligence, notice of acceptance, presentment, demand for performance, notice of non-performance, default, acceleration, protest or dishonor and any other notice with respect to any of the Obligations and this Agreement and any requirement that any Secured Party protect, secure, perfect or insure any Lien or any property subject thereto.

(c)     This Agreement is a guaranty of payment and not of collection. The Guarantor agrees that the Collateral Agent need not attempt to collect any Obligations from the Borrower or any other Loan Party or to realize upon any Collateral or any other collateral, but may require the Guarantor to make immediate payment of all of the Obligations to the Collateral Agent when due, whether by maturity, acceleration or otherwise, or at any time thereafter.

(d)     The Guarantor hereby unconditionally and irrevocably waives any defense based on any right of set-off or recoupment or counterclaim against or in respect of the Obligations of the Guarantor hereunder.

(e)     The Guarantor acknowledges that the Collateral Agent may, at its election and without notice to or demand upon the Guarantor, foreclose on any Collateral (including any real property) or other collateral held by it by one or more judicial or non-

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

judicial sales, accept an assignment of any such Collateral or other collateral in lieu of foreclosure, compromise or adjust any part of the Obligations, make any other accommodation with the Borrower or any other guarantor or exercise any other right or remedy available to it against the Borrower or any other guarantor, without affecting or impairing in any way the liability of the Guarantor hereunder except to the extent the Obligations (other than contingent or unliquidated obligations or liabilities) have been paid in full or collateralized in full in Dollars. The Guarantor hereby waives any defense arising out of such election even though such election operates, pursuant to applicable law, to impair or to extinguish any right of subrogation, reimbursement, exoneration, contribution or indemnification or other right or remedy of the Guarantor against the Borrower or any other guarantor or any Collateral or any other collateral.

(f)     No failure on the part of the Collateral Agent or any Secured Party to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right. The remedies herein provided are cumulative and not exclusive of any remedies provided by law.

## ARTICLE IV
### GUARANTOR RIGHTS OF SUBROGATION, ETC.

**Section 4.01   Agreement to Pay; Subrogation, Subordination, Etc.** Without limiting any other right that the Collateral Agent or any other Secured Party has at law or in equity against the Guarantor, if the Borrower or any other Loan Party fails to pay any Obligation when and as due, whether at maturity, by acceleration, after notice of prepayment or otherwise, and such failure is not cured within the applicable cure period set forth in the Loan Agreement (if any) the Guarantor agrees to promptly pay the amount of such unpaid Obligations to the Collateral Agent in Dollars. Upon payment by the Guarantor of any sums to the Collateral Agent as provided herein, all of the Guarantor's rights of subrogation, exoneration, contribution, reimbursement, indemnity or otherwise arising therefrom against the Borrower shall be subordinate and junior in right of payment to the prior indefeasible payment in full in Dollars of all Obligations and termination of the Commitments. In furtherance of the foregoing, prior to the Termination Date, the Guarantor shall refrain from taking any action or commencing any proceeding against the Borrower or any other Loan Party (or its successors or assigns, whether in connection with a bankruptcy proceeding or otherwise) to recover any amounts in respect of payments made under this Agreement to the Collateral Agent or any other Secured Party. In addition, any indebtedness of the Borrower now or hereafter held by the Guarantor is hereby subordinated in right of payment to the prior payment in full in Dollars of the Obligations. If after the occurrence and during the continuance of an Event of Default, and after the passage of any applicable notice and cure periods, any payment shall be paid to the Guarantor in violation of this **Section 4.01** on account of (a)

01161126-7

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
NYSCEF DOC. NO. 6                                                              RECEIVED NYSCEF: 02/08/2021
Exhibit D    Page 11 of 26

such subrogation, exoneration, contribution, reimbursement, indemnity or similar right or (b) any such indebtedness of the Borrower, such amount shall be held in trust for the benefit of the Secured Parties, segregated from other funds of the Guarantor, and promptly paid or delivered to the Collateral Agent in the same form as so received (with any necessary endorsement or assignment) to be credited against the payment of the Obligations, whether due or to become due, in accordance with the terms of the Loan Documents. If the Guarantor shall make payment to any Secured Party of all or any part of the Obligations, after indefeasible payment in full in Dollars of all Obligations, and the termination of all Commitments the Secured Parties will, at the Guarantor's request and expense, execute and deliver to the Guarantor, without recourse or representation or warranty, appropriate documents necessary to evidence the transfer by subrogation to the Guarantor of an interest in the Obligations resulting from such payment.

**Section 4.02  Subordination.** The Guarantor and Sole Member each hereby subordinate any and all obligations owed to either of them by the Borrower and each other Loan Party, including, without limitation any consulting fees or compensatory payments received by the Sole Member (the "**Subordinated Obligations**") to the Obligations to the extent provided below:

(a)    Except during the continuance of an Event of Default, (including the commencement and continuation of any proceeding against any Loan Party under any Debtor Relief Law), the Guarantor may receive regularly scheduled payments of principal and interest or other contractual payments on the Subordinated Obligations from any Loan Party. After the occurrence and during the continuance of any Event of Default, (including the commencement and continuation of any proceeding against any Loan Party under any Debtor Relief Law), the Guarantor shall not accept, demand or take any action to collect any payment on the Subordinated Obligations without the prior written consent of the Collateral Agent.

(b)    The Guarantor agrees that the Secured Parties shall be entitled to receive full payment in Dollars of all Obligations (including Post-Petition Interest) in any proceeding under any Debtor Relief Law against any other Loan Party before the Guarantor receives any payment on account of any Subordinated Obligations.

(c)    After the occurrence and during the continuance of any Event of Default, after the passage of any applicable notice and cure periods, (including the commencement and continuation of any proceeding against any Loan Party under any Debtor Relief Law), the Guarantor or Sole Member, as the case may be, shall receive any payments on the Subordinated Obligations, the Guarantor and the Sole Member, as the case may be, shall, as trustee for the Secured Parties, deliver such payments to the Collateral Agent on account of the Obligations (including Post-Petition Interest), together with any necessary endorsements or other instruments of transfer, without reducing or affecting the liability of the Guarantor under this Agreement in any respect.

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(d)     After the occurrence and during the continuance of any Event of Default, (including the commencement and continuation of any proceeding against any Loan Party under any Debtor Relief Law), the Collateral Agent is authorized and empowered (but not obligated), in its discretion, (i) in the name of the Guarantor and Sole Member, to collect and enforce, and to submit claims in respect of, Subordinated Obligations and to apply any amount so received to the Obligations (including Post-Petition Interest) or hold such amounts as Collateral for any Obligations, and (ii) to require the Guarantor (A) to collect and enforce and to submit claims in respect of, Subordinated Obligations and (B) to pay any amounts received on such obligations to the Collateral Agent for application to the Obligations (including Post-Petition Interest).

## ARTICLE V
### REPRESENTATIONS AND WARRANTIES; COVENANTS

**Section 5.01  Representations and Warranties.** The Guarantor and Sole Member, jointly and severally, represents and warrants that:

(a)     **Existence, Qualification and Power; Compliance with Laws**. The Guarantor is (i) duly formed, validly existing and in good standing under the Laws of the State of Delaware, (ii) has all requisite power and authority and all requisite governmental licenses, authorizations, consents and approvals to (A) own or lease its assets and carry on its business, and (B) execute, deliver and perform its obligations under this Agreement, (iii) is duly qualified and is licensed and in good standing under the Laws of each jurisdiction where its ownership, lease or operation of properties or the conduct of its business requires such qualification or license, and (iv) is in compliance in all material respects with all Laws applicable to Guarantor.

(b)     **Non-contravention.** The execution, delivery and performance by the Guarantor and the Sole Member of this Agreement does not contravene or result in a default under (i) any contractual restriction binding on or affecting the Guarantor or the Sole Member, (ii) any court decree or order binding on or affecting the Guarantor or Sole Member or (iii) any Requirement of Law binding on or affecting the Guarantor or Sole Member.

(c)     **Approvals.** No authorization or approval or other action by, and no notice to or filing with, any Governmental Authority or other Person (other than those that have been duly obtained or made and which are in full force and effect) is required for the consummation of this Agreement or the due execution, delivery or performance by the Guarantor or Sole Member of this Agreement.

(d)     **Validity.** This Agreement has been duly executed and delivered and constitutes the legal, valid and binding obligations of the Guarantor and Sole Member, enforceable against the Guarantor and the Sole Member in accordance with its terms (except, in any case, as such enforceability may be limited by applicable bankruptcy,

01161126-7

9

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6
Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
RECEIVED NYSCEF: 02/08/2021
Exhibit D    Page 13 of 26

insolvency, reorganization or similar laws from time to time in effect affecting creditors' rights generally and by general principles of equity).

(e)     **Financial Information.** The Guarantor is solvent and the execution of this Agreement does not and will not render the Guarantor insolvent. The NAV of the Guarantor represents more than one-third (1/3) of the Sole Member's net worth.   The NAV information set forth on Exhibit A attached hereto and the other financial information regarding the Guarantor and the Sole Member furnished to the Collateral Agent pursuant to **Section 5.02(a)** present fairly the financial condition of the Guarantor as at the dates thereof. There are no material liabilities of the Guarantor of any kind whatsoever, whether accrued, contingent, absolute, determined, determinable, or otherwise, and there is no existing condition, situation or set of circumstances which could reasonably be expected to result in such a liability, other than those liabilities provided for or disclosed in the most recently delivered financial statements of the Guarantor.

(f)     **No Material Adverse Change.** There has been no material adverse change in the net worth, assets, financial condition, or prospective financial position of the Guarantor since March 31, 2018. No litigation, investigation, or proceeding of or before any arbitrator or Governmental Authority is pending or, to the knowledge of the Guarantor and the Sole Member, threatened by or against the Guarantor or against any of its assets (i) with respect to this Agreement or any of the transactions contemplated hereby, (ii) which could have a material adverse effect on the net worth, assets, financial condition, or prospective financial position of the Guarantor.

(g)     **Accuracy of Information.** None of the factual information heretofore or contemporaneously furnished in writing to the Collateral Agent by or on behalf of the Guarantor or the Sole Member in connection with this Agreement or any other Loan Document contains any untrue statement of a material fact, or omits to state any material fact necessary to make any information not misleading, and no other factual  information hereafter furnished in connection with this Agreement or any Loan Document by or on behalf of the Guarantor to the Collateral Agent will contain any untrue statement of a material  fact or will omit to state any material fact necessary to make any information not misleading on the date as of which such information is dated or certified.

(h)     **Conditions.** There are no conditions precedent to the effectiveness of this Agreement that have not been satisfied or waived.

(i)     **Information.** Each of the Guarantor and Sole Member has, independently and without reliance upon any Secured Party and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to enter into this Agreement and any other Loan Document to which it is or may become a party, and has established adequate procedures for continually obtaining information pertaining to, and is now and at all times will be completely familiar with, the business,

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

condition (financial or otherwise), operations, performance, properties and prospects of the Borrower and each other Loan Party.

(j) **Investigation.** Each of the Guarantor and the Sole member acknowledges and agrees that the Secured Parties shall have no obligation to investigate the financial condition or affairs of any Loan Party for the benefit of the Guarantor or Sole Member nor to advise the Guarantor or Sole Member of any fact respecting, or any change in, the financial condition or affairs of the Borrower or any other Loan Party that might become known to any Secured Party at any time, whether or not such Secured Party knows or believes or has reason to know or believe that any such fact or change is unknown to the Guarantor, or might (or does) materially increase the risk of the Guarantor as guarantor, or might (or would) affect the willingness of the Guarantor to continue as a guarantor of the Obligations.

**Section 5.02 Covenants of Guarantor and Sole Member.** Each of the Guarantor and Sole Member covenants and agrees that, after the date of this Agreement and until the Termination Date:

(a) **Financial Information.** The Guarantor will furnish or the Sole Member shall cause the Guarantor to furnish to the Collateral Agent (i) copies of all income tax returns of the Guarantor and any requests for extensions of filing deadlines, within ten days of the filing of such returns or requests for extensions; (ii) updates to the NAV shall be delivered on June 30 and December 31 of each calendar year, *provided, however*, that if any event shall have occur or is expected to occur that would affect, either positively or negatively, the NAV by more than ten percent (10%), the Guarantor (or the Sole Member shall cause the Guarantor) to notify the Collateral Agent of such event and provide an updated NAV with such notice; and (iii) such other financial and other information related to the Guarantor and the transactions contemplated by the Loan Documents as the Collateral Agent may from time to time reasonably request.

(b) **Financial Covenants.** The Guarantor shall, and the Sole Member shall cause the Guarantor to, (i) maintain an LTV Ratio of not less than 1.3x at all times; (ii) not make any distributions to the Sole Member or any other Person if, as the result of such distribution, the LTV Ratio would be less than 2.5x; or (iii) not incur any Indebtedness in excess of $5,000.00, pledge any interest in Guarantor's assets or create or permit the imposition of any liens, claims or encumbrances on any of Guarantor's assets.

(c) **Investments; Disposition of Membership Interest**. The Sole Member covenants and agrees that prior to the Termination Date, (i) all equity interests of the Borrower that he may own as of, or acquire subsequent to, the date hereof shall at all times be in the name of and held by the Guarantor; (ii) he shall not Dispose of, or create or impose any Lien upon, all or any part of his Membership Interest in the Guarantor; and (iii) any additional Investments that the Sole Member shall make in any Person listed on Exhibit A attached hereto (as may be amended from time to time), or any other

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Investment that the Sole Member may acquire in any businesses or ventures of a similar nature or at a similar stage of development as those listed on Exhibit A attached hereto ("**Additional Investments**") shall be made in the name of, and held by, the Guarantor, unless otherwise agreed to in writing by Collateral Agent.  For the avoidance of doubt, the term "Additional Investments" shall not include Investments in tangible personal property or Cash Equivalents.

(d)     **Further Assurances**.  Within fifteen (15) days following the Closing Date, the Sole member shall deliver to the Collateral Agent evidence in a form reasonably satisfactory to the Collateral Agent that the Investments listed on Exhibit A are held of record by the Guarantor.

**Section 5.03   Breach of Article V**.   Any breach of the representations, warranties or covenants made by either the Guarantor or the Sole Member under this Article V or any of such party's other obligations under this Agreement that remains uncured for a period of ten (10) days following such breach shall constitute an Event of Default under the Loan Agreement.

## ARTICLE VI
### MISCELLANEOUS

**Section 6.01   Right of Set-off.** If an Event of Default shall have occurred and be continuing, after the passage of any applicable notice and cure periods,  and upon the request of the Required Lenders to declare the Loans due and payable in accordance with Article VIII of the Loan Agreement and with the consent of the Collateral Agent, each Secured Party and each of their respective Affiliates is hereby authorized at any time and from time to time, to the fullest extent permitted by law, and without prior notice to the Guarantor or any other Loan Party, any such notice being expressly waived by the Guarantor, to set off and appropriate and apply any and all deposits (general or special, time or demand, provisional or final, in whatever currency) at any time held and other obligations (in whatever currency) at any time owing by such Secured Party or any such Affiliate to or for the credit or the account of the Guarantor against any and all of the obligations of the Guarantor now or hereafter existing under this Agreement or any other Loan Document to such Secured Party or its Affiliates whether direct or indirect, absolute or contingent, matured or unmatured, and irrespective of whether or not such Secured Party or Affiliate shall have made any demand under this Agreement or any other Loan Document and although such obligations of the Guarantor are owed to a branch, office or Affiliate of such Secured Party different from the branch, office or Affiliate holding such deposit or obligated on such indebtedness; *provided* that if any Defaulting Lender shall exercise any such right of setoff, such Defaulting Lender shall (a) immediately pay over to the Collateral Agent all such amounts so set off for further application in accordance

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 6

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc

RECEIVED NYSCEF: 02/08/2021

Exhibit D    Page 16 of 26

with the Loan Agreement and, pending such payment, segregate such amounts from its other funds, which amounts shall be deemed held in trust for the benefit of the Secured Parties, and (b) provide promptly to the Collateral Agent a statement describing in reasonable detail the obligations owing to such Defaulting Lender as to which it exercised such right of setoff. The rights of each Secured Party and each of their respective Affiliates under this Section are in addition to other rights and remedies (including other rights of set-off) that such Secured Party or such Affiliate may have. Each Secured Party agrees to notify the Guarantor and the Collateral Agent promptly after any such set off and appropriation and application; *provided* that the failure to give such notice shall not affect the validity of such set off and appropriation and application.

**Section 6.02   Amendments.** No term or provision of this Agreement may be waived, amended, supplemented or otherwise modified except in a writing signed by the Guarantor, the Sole Member, the Collateral Agent and the Required Lenders (except as expressly provided otherwise in the Loan Agreement) in accordance with Section 10.01 of the Loan Agreement.

**Section 6.03   Indemnification.**

(a)      The Guarantor hereby agrees to indemnify and hold harmless the Collateral Agent (and any sub-agent thereof), each other Secured Party and each Related Party of any of the foregoing Persons (each such Person being called an **"Indemnitee"**) from any losses, damages, liabilities, claims and related expenses (including the fees and expenses of any counsel for any Indemnitee and the costs and fees incurred by an Indemnitee that are associated with determining the value of any assets of the Guarantor), and shall indemnify and hold harmless each Indemnitee from all reasonable fees, expenses and time charges for attorneys who are employees of any Indemnitee, incurred by any Indemnitee or asserted against any Indemnitee by any Person (including the Guarantor or any other Loan Party) other than such Indemnitee and its Related Parties arising out of, in connection with or resulting from this Agreement (including, without limitation, enforcement of this Agreement) or any failure of any Obligations to be the legal, valid, and binding obligations of any Loan Party enforceable against such Loan Party in accordance with their terms, whether brought by a third party or by the Guarantor or any other Loan Party, and regardless of whether any Indemnitee is a party thereto; *provided* that such indemnity shall not, as to any Indemnitee, be available to the extent that such losses, claims, damages, liabilities or related expenses (i) are determined by a court of competent jurisdiction by final and nonappealable judgment to have resulted from the gross negligence or willful misconduct of such Indemnitee or (ii) result from a claim brought by the Guarantor or any other Loan Party against an Indemnitee for breach in bad faith of such Indemnitee's obligations under any Loan Document, if the Guarantor or such Loan Party has obtained a final and nonappealable judgment in its favor on such

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
Exhibit D    Page 17 of 26

RECEIVED NYSCEF: 02/08/2021

claim as determined by a court of competent jurisdiction. This **Section 6.03(a)** shall not apply with respect to Taxes other than any Taxes that represent losses, claims, damages, or similar items arising from any non-Tax claim.

(b)      To the fullest extent permitted by applicable law, the Guarantor hereby agrees not to assert, and hereby waives, any claim against any Indemnitee, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this Agreement, any other Loan Document or any agreement or instrument contemplated hereby, the transactions contemplated hereby or thereby, any Extension of Credit or the use of proceeds thereof. No Indemnitee shall be liable for any damages arising from the use of any information or other materials distributed by it through telecommunications, electronic or other information transmission systems in connection with this Agreement or the other Loan Documents or the transactions contemplated hereby or thereby by unintended recipients.

(c)      All amounts due under this Section shall be payable not later than fifteen (15) days after demand therefor.

(d)      Without prejudice to the survival of any other agreement of the Guarantor under this Agreement or any other Loan Documents, the agreements and obligations of the Guarantor contained in **Section 2.01** (with respect to enforcement expenses), **Section 2.02** and this Section shall survive termination of the Loan Documents and payment in full of the Obligations and all other amounts payable under this Agreement.

### Section 6.04    Notices.

(a)      **Notices Generally.** Except in the case of notices and other communications expressly permitted to be given by telephone (or by e-mail as provided in **Section 6.04(b)** below), all notices and other communications provided for herein shall be made in writing and mailed by certified or registered mail, delivered by hand or overnight courier service, or sent by facsimile as follows:

(i)      If to the Guarantor, the Borrower or Collateral Agent, to it at the address, telecopier number, electronic mail address or telephone number specified for such Person on Schedule 10.02 of the Loan Agreement.

(ii)      If to any Secured Party, to it at its address (or facsimile number) set forth in Schedule 2.01 of the Loan Agreement.

(iii)      If to the Sole Member, to his address set forth in the Preamble to this Agreement.

Notices mailed by certified or registered mail or sent by hand or overnight courier service shall be deemed to have been given when received. Notices sent by facsimile during the recipient's normal business hours shall be deemed to have been given when sent (and if

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
Exhibit D    Page 18 of 26

RECEIVED NYSCEF: 02/08/2021

sent after normal business hours shall be deemed to have been given at the opening of the recipient's business on the next business day.

(b)    **Electronic Communications.** Notices and other communications to the Collateral Agent hereunder may be sent by electronic communication (including e-mail and Internet or intranet websites) in accordance with procedures approved by the Collateral Agent. The Collateral Agent or the Guarantor may, in its discretion, agree to accept notices and other communications to it hereunder by electronic communications pursuant to procedures approved by it; *provided* that approval of such procedures may be limited to particular notices or communications.

Unless the Collateral Agent specifies otherwise, (i) notices and other communications sent by e-mail shall be deemed received upon the sender's receipt of an acknowledgement from the intended recipient (such as return e-mail or other written acknowledgement), and (ii) notices or communications posted to an Internet or intranet website shall be deemed received upon the deemed receipt by the intended recipient at its e-mail address as described in the foregoing clause (i) of notification that such notice or communication is available and identifying the website address therefor; *provided* that, in the case of clauses (i) and (ii) above, if such notice, e-mail or other communication is not sent during the recipient's normal business hours, such notice, e-mail or communication shall be deemed to have been sent at the recipient's opening of business on the next business day.

(c)    **Change of Address, Etc.**  Any party hereto may change its address or facsimile number for notices and other communications hereunder by notice to the other parties hereto.

**Section 6.05 Continuing Guaranty; Assignments Under the Loan Agreement.** This Agreement is a continuing guaranty and shall:

(a)    remain in full force and effect until the latest of (i) the payment in full in Dollars of the Obligations and all other amounts payable under this Agreement and termination of the Commitments and (ii) the Maturity Date (the "**Termination Date**");

(b)    be binding on the Guarantor and the Sole Member, and their respective permitted successors and assigns; and

(c)    inure to the benefit of and be enforceable by the Secured Parties and their respective successors and assigns.

Any Secured Party may assign or otherwise transfer all or any portion of its rights and obligations under the Loan Agreement (including all or any portion of its Commitments and the Extensions of Credit owing to it) to any other Person, and such other Person shall thereupon become vested with all the benefits in respect thereof granted to such Secured Party herein or otherwise, in each case as and to the extent

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

provided in Section 10.07 of the Loan Agreement. Neither the Guarantor nor the Sole Member shall have any right to assign its or his rights or obligations hereunder or any interest herein without the prior written consent of the Secured Parties.

**Section 6.06   Severability of Provisions.** Any provision hereof which is invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without invalidating the remaining provisions hereof or affecting the validity, legality or enforceability of such provision in any other jurisdiction.

**Section 6.07   Counterparts;   Integration;   Effectiveness;   Electronic Execution; Captions.** This Agreement and any amendments, waivers, consents or supplements hereto may be executed in counterparts (and by different parties hereto in different counterparts), each of which shall constitute an original, but all taken together shall constitute a single contract. This Agreement and the other Loan Documents, and any separate letter agreements with respect to fees payable to the Collateral Agent, constitute the entire contract among the parties with respect to the subject matter hereof and supersede all previous agreements and understandings, oral or written, with respect thereto. This Agreement shall become effective when it shall have been executed by the Collateral Agent and when the Collateral Agent shall have received a counterpart hereof that bears the signature of the Guarantor. Delivery of an executed counterpart of a signature page to this Agreement by facsimile or in electronic (i.e., "pdf" or "tif") format shall be effective as delivery of a manually executed counterpart of this Agreement. The captions contained in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of this Agreement.

**Section 6.08   Governing Law; Jurisdiction; Etc.**

(a)      **Governing Law.** This Agreement and the other Loan Documents and any claim, controversy, dispute or cause of action (whether in contract or tort or otherwise) based upon, arising out of or relating to this Agreement or any other Loan Document and the transactions contemplated hereby and thereby shall be governed by, and construed in accordance with, the laws of the State of New York.

(b)      **Submission   to   Jurisdiction.** The   Guarantor   irrevocably   and unconditionally agrees that it will not commence any action, litigation or proceeding of any kind whatsoever, whether in law or equity, or whether in contract or tort or otherwise, against the Collateral Agent or any Secured Party, or any of their respective Related Parties in any way relating to this Agreement or any other Loan Document or the transactions contemplated hereby or thereby, in any forum other than the courts of the State of New York sitting in New York County and of the United States District Court of the Southern District of New York and any appellate court from any thereof, and each of

01161126-7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6
Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
RECEIVED NYSCEF: 02/08/2021
Exhibit D    Page 20 of 26

the parties hereto irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees that any such action, litigation or proceeding may be brought in any such New York State court or, to the fullest extent permitted by applicable law, in such federal court. Each of the parties hereto agrees that a final judgment in any such action, litigation or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing herein or in any other Loan Document shall affect any right that any Secured Party may otherwise have to bring any action or proceeding relating to this Agreement or any other Loan Document against the Guarantor or any other Loan Party or its properties in the courts of any jurisdiction.

(c)    **Waiver of Venue.** The Guarantor irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the venue of any such action or proceeding in any such court referred to in clause (b) of this Section. Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by applicable law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

(d)    **Service of Process.** Each party hereto irrevocably consents to the service of process in the manner provided for notices in Section 6.04 and agrees that nothing herein will affect the right of any party hereto to serve process in any other manner permitted by applicable law.

**Section 6.09  Waiver of Jury Trial.** EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY RELATING TO THIS AGREEMENT OR ANY OTHER LOAN DOCUMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY. EACH PARTY HERETO (A) CERTIFIES THAT NO AGENT, ATTORNEY, REPRESENTATIVE OR ANY OTHER PERSON HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PERSON WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF LITIGATION, AND (B) ACKNOWLEDGES THAT IT AND THE OTHER PARTIES HERETO HAVE BEEN INDUCED TO ENTER INTO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION.

{Signatures on following page}

01161126-7

17

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Dated May 17, 2018

| Issuer | Summary Description | Security | # of Shares held by Guarantor | Per Share Price | Valuation Methodology | As of | Implied Value ($'000s) |
|--------|--------------------|---------|-------------------------------|-----------------|----------------------|-------|------------------------|
| **Savara, Inc.** [NASDAQ: SVRA] | Pre-revenue biotech orphan drug development | Common Shares | 466,677 | $ 9.35 | • Closing share price as of 05/17/17 | 5/17/2017 | $ 4,363 |
| **Mobile Cause, Inc.** Private | SaaS for fundraising | Common Shares | 4,764,594 | $ 0.08 | • 409A | 12/1/3117 | $ 381 |
| | | Series [__] Preferred Shares | 14,063,717 | $ 0.16 | | | $ 2,250 |
| **Caldera Medical, Inc.** Private | Medical devices for niche markets | Common Shares | 4,107,383 | $ 0.30 | • 409A | 1/16/2017 | $ 1,232 |
| **Bitvore Corp.** Private | Intelligence and data mining solution for financial services | Common Shares | 245,766 | $ 0.08 | • 409A | 1/28/2018 | $ 20 |
| | | Series [__] Preferred Shares | 876,052 | $ 0.68 | | | $ 600 |
| **Neural Analytics** Private | Pre-revenue med. device for ultra-sound diagnostics of brain injury and dementia conditions | Common Shares | 58,673 | $ 0.87 | • 409A | 1/1/2018 | $ 51 |
| | | Series [__] Preferred Shares | 502,615 | $ 4.98 | | | $ 2,503 |
| **Molecular Vista, Inc.** Private | Nano imaging start-up | | | | | | $ 550 |
| **Transcribeme, Inc.** Private | | | | | | | $ 390 |
| **EV Connect, Inc.** Private | | | | | | | $ 700 |
| **SageMedic, Inc.** Private | | | | | | | $ 200 |
| **Total Value (excl. Securities in Borrower)** | | | | | | | $ 13,241 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

EXECUTED VERSION

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

**GUARANTOR:**

**37 VENTURES, LLC**

By: _____

Yuri Pikover, as Manager and Individually as Sole Member

_____

Sworn to and subscribed before me by YURI PIKOVER, this _____ day of May, 2018.

{SEAL}     SEE CALIFORNIA
JURAT FORM
ATTACHED

**Notary Public**
Name:
My commission expires on: _____

_____

**BORROWER:**

**LARADA SCIENCES, INC.**

By: _____
Name: Claire Roberts
Title: Chief Executive Officer

**AGENT:**

**ALIGNMENT DEBT HOLDINGS 1, LLC**

By _____
Name: Vadim Margulis
Title: Manager

Guaranty Agreement – 37 Ventures, LLC
{Signature Page}

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 6

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 02/08/2021

Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc
Exhibit D    Page 23 of 26

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 21st day of May, 2018, by Yuri Pikover,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

John P. Tata
COMMISSION #2169656
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Commission Expires November 21, 2020

(Seal)                                    Signature

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO.: 6    Case 9:21-bk-10261-DS    Doc 47-4    Filed 04/08/21    Entered 04/08/21 17:10:02    Desc    RECEIVED NYSCEF: 02/08/2021
Exhibit D    Page 24 of 26

EXECUTED VERSION

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first written above.

**GUARANTOR:**

**37 VENTURES, LLC**

By: _____
Yuri Pikover, as Manager and Individually as Sole Member

_____

Sworn to and subscribed before me by YURI PIKOVER, this _____ day of May, 2018.

_____

{SEAL}

**Notary Public**
Name:
My commission expires on:

_____

**BORROWER:**

**LARADA SCIENCES, INC.**

By: _____
Name: Claire Roberts
Title: Chief Executive Officer

**AGENT:**

**ALIGNMENT DEBT HOLDINGS 1, LLC**

By _____
Name: Vadim Margulis
Title: Manager

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

EXECUTED VERSION

        IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be
executed as of the date first written above.

**GUARANTOR:**

**37 VENTURES, LLC**


By: _____
Yuri Pikover, as Manager and Individually as Sole Member


_____

Sworn to and subscribed before me by YURI PIKOVER, this _____ day of May, 2018.



{SEAL}                    _____
                          **Notary Public**
                          Name:
                          My commission expires on:
_____

**BORROWER:**

**LARADA SCIENCES, INC.**


By: _____
Name: Claire Roberts
Title: Chief Executive Officer


**AGENT:**

**ALIGNMENT DEBT HOLDINGS 1, LLC**


By _____
Name: Vadim Margulis
Title: Manager

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Dated May 17, 2018

| Issuer | Summary Description | Security | # of Shares held by Guarantor | Per Share Price | Valuation Methodology | As of | Implied Value ($'000s) |
|---|---|---|---|---|---|---|---|
| **Savara, Inc.** [NASDAQ: SVRA] | Pre-revenue biotech orphan drug development | Common Shares | 466,677 | $ 9.35 | • Closing share price as of 05/17/17 | 5/17/2017 | $ 4,363 |
| **Mobile Cause, Inc.** Private | SaaS for fundraising | Common Shares | 4,764,594 | $ 0.08 | • 409A | 12/1/3117 | $ 381 |
| | | Series [__] Preferred Shares | 14,063,717 | $ 0.16 | | | $ 2,250 |
| **Caldera Medical, Inc.** Private | Medical devices for niche markets | Common Shares | 4,107,383 | $ 0.30 | • 409A | 1/16/2017 | $ 1,232 |
| **Bitvore Corp.** Private | Intelligence and data mining solution for financial services | Common Shares | 245,766 | $ 0.08 | • 409A | 1/28/2018 | $ 20 |
| | | Series [__] Preferred Shares | 876,052 | $ 0.68 | | | $ 600 |
| **Neural Analytics** Private | Pre-revenue med. device for ultra-sound diagnostics of brain injury and dementia conditions | Common Shares | 58,673 | $ 0.87 | • 409A | 1/1/2018 | $ 51 |
| | | Series [__] Preferred Shares | 502,615 | $ 4.98 | | | $ 2,503 |
| **Molecular Vista, Inc.** Private | Nano imaging start-up | | | | | | $ 550 |
| **Transcribeme, Inc.** Private | | | | | | | $ 390 |
| **EV Connect, Inc.** Private | | | | | | | $ 700 |
| **SageMedic, Inc.** Private | | | | | | | $ 200 |
| **Total Value (excl. Securities in Borrower)** | | | | | | | $ 13,241 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been